## In re KEYSTONE PRESS, Inc.

(District Court, D. Minnesota, Fourth Division. March 25, 1913.)

1. BANKRUPTCY (§ 302*)—SECURED CLAIMS—AMOUNT—ANSWER.

Where, in proceedings to determine the amount of a secured claim against the bankrupt, the trustee alleged that claimant, through its agent, took from the bankrupt on a specified date a trust deed of all its property, that such agent thereafter exercised control over all the bankrupt's financial affairs until adjudication, that the claimant through the agent received a large sum of money from the bankrupt, and praying for an accounting, was sufficient to justify evidence that the amount claimed to be due on the security was not the true amount, and therefore was a sufficient answer to a rule to show cause why the proceeds of the mortgaged property should not be turned over to the claimant.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 456, 457; Dec. Dig. § 302.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

**2. BANKRUPTCY** (§ 311*)—SECURED CLAIMS—PREFERENCES—SURRENDER—"CREDITOR."

Bankruptcy Act July 1, 1898, c. 541, § 57g, 30 Stat. 560 (U. S. Comp. St. 1901, p. 3443), declares that claims of creditors who have received preferences shall not be allowed unless they shall surrender their preferences. *Held*, that the word "creditor" as so used was not intended to refer to a secured creditor, and that such a creditor who had received a preference was only required to surrender the same in case he attempted to have his claim allowed as an unsecured claim for any sum in excess of the value of the security.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 497–500; Dec. Dig. § 311.*

For other definitions, see Words and Phrases, vol. 2, pp. 1713–1727; vol. 8, pp. 7622–7627.]

**3. BANKRUPTCY** (§ 224*)—PREFERENCES—DETERMINATION—REFEREE'S JURISDICTION.

A referee in bankruptcy has jurisdiction to determine whether a preference has been received by a creditor attempting to prove an unsecured debt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 383; Dec. Dig. § 224.*]

**4. BANKRUPTCY** (§ 288*)—RECOVERY OF PREFERENCES—JURISDICTION.

A bankrupt's trustee cannot require a creditor who has received a preference, and who has not become a party to the bankruptcy proceedings, to appear before the referee and litigate the question of preference, but the trustee is bound to institute a plenary suit against the creditor in a proper court to recover the preference.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 447; Dec. Dig. § 288.*]

**5. BANKRUPTCY** (§ 300*)—ADMINISTRATION OF ESTATE—SECURED CREDITOR—PREFERENCES—APPEARANCE.

In response to an order to show cause why property of a bankrupt should not be sold free from liens, a secured creditor answered, setting up three mortgages on the property, and asked that the trustee be ordered to surrender the property or pay the amount due on the mortgages without prayer to have its claim allowed, either as a secured or unsecured claim. The claimant consented that the property might be sold free from liens and the lien transferred to the proceeds, and after sale presented a petition stating that it had filed its proof of a secured claim in the shape of certain notes and mortgages and asked that the claim as filed be allowed and that the proceeds of the property be turned over to him. In reply the trustee alleged that the creditor had received a preference and asked that the amount be determined and set off against its secured claim, but the claimant objected that the court had no jurisdiction to determine the question of preference. *Held*, that the claimant's proceedings did not amount to an appearance generally so as to confer jurisdiction to determine whether it had received a preference, unless it appeared that the claimant intended to prove, as an unsecured claim, any balance remaining unpaid after applying the proceeds of the mortgaged property to its secured debt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 416, 449; Dec. Dig. § 300.*]

In Bankruptcy. In the matter of Keystone Press. Proceedings to determine the amount of a mortgage debt owing by the bankrupt to the John Leslie Paper Company, and whether the latter had received a preference. Referee's order reversed and remanded.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Stevens & Stevens, of Minneapolis, Minn., for the trustee.

A. M. Breding, of Minneapolis, Minn., for John Leslie Paper Co.

WILLARD, District Judge. [1] The amount due on the mortgages held by the John Leslie Paper Company has not yet been determined by the referee, and before he does determine that amount the trustee has a right to be heard. His answer alleged that the Paper Company, through its agent, McCombs, took from the bankrupt on March 23, 1911, a trust deed of all its property; that McCombs was to and did exercise control over all the moneys and financial affairs of said corporation until its adjudication in bankruptcy; and that the Paper Company, through McCombs, received a large amount of money from the corporation. The answer asks for an accounting between the bankrupt and the Paper Company.

. This part of the answer is, I think, sufficient to justify the introduction of evidence for the purpose of showing that the amount claimed by the Paper Company to be due upon its mortgages is not the true amount. That evidence could properly consist of the books of account of the Paper Company which it could be required to produce under subpœna. This part of the answer therefore states a defense to the order to show cause, and the objection to it should not have been sustained.

From the argument of the trustee, both in his brief and at the hearing, it may turn out that he has no real defense in regard to the amount due on the mortgages. There has, however, been no agreement on his part as to that amount, and he is entitled to make such showing as he can upon the hearing of the order to show cause.

The principal question discussed in the brief and in the argument before me, and probably before the referee, was this: Admitting that the Paper Company is entitled to have the amount of its mortgages paid out of the money realized from the sale of the property covered by the mortgages, is the trustee entitled to have set off against that amount a preference which he claims the Paper Company received in other transactions with the bankrupt?

[2] Section 57g of the Bankrupt Act (Act July 1, 1898, c. 541, 30 Stat. 560 (U. S. Comp. St. 1901, p. 3443) declares that the claims of creditors who have received preferences shall not be allowed unless such creditors shall surrender their preferences. The Circuit Court of Appeals of this circuit, in Swarts v. Fourth Nat. Bank, 117 Fed. 1, said on page 5, 54 C. C. A. 387, on page 391:

"The unequivocal language and the unquestionable legal effect of this section are to prohibit the allowance of any claim of a creditor who has received a preference, either upon that or upon any other claim he holds against the estate of the bankrupt, unless he has first surrendered his preference."

The court, however, was not then considering the matter of a secured claim, and it does not clearly appear that by the phrase "any creditor" it intended to refer to a secured creditor. Of course, if a secured creditor attempts to have his claim allowed as an unsecured claim for any sum in excess of the value of his security, he would

come clearly within the terms of section 57g. He could not have the excess allowed without surrendering the preference.

Does the evidence in this case show that the Paper Company is attempting to have any part of its secured claim allowed as an unsecured claim? The evidence is in such a condition that it is impossible to answer this question. All of the personal property used in the bankrupt's business was sold for $2,000. The amount due on the mortgages is claimed to be about $1,200. Whether the mortgages cover all of this property does not clearly appear. It also appears that there is another creditor claiming a lien upon some of the property to the extent of $350. If the amount of the Paper Company's lien is less than the sum realized from the property upon which the lien rested, then there has been no attempt by the Paper Company to prove for any unsecured balance. If, on the contrary, there is any such unsecured balance, the pleadings filed by the Paper Company would indicate that it did intend to claim for such excess.

The proceedings in the case, so far as this matter is concerned, have been as follows: On August 21, 1912, at the petition of the trustee, the Paper Company and other creditors claiming liens were ordered to show cause why the property on which they claimed liens should not be sold free from lien, and such liens be transferred to the proceeds of the sale. In response to this order to show cause, the Paper Company filed an answer setting up three mortgages which it claimed to hold on the property of the bankrupt, and asked that the trustee be ordered to surrender to the Paper Company the property described in its mortgages, or to pay to it the amount alleged to be due thereon. In this answer the Paper Company did not ask to have any claim allowed either as a secured or an unsecured claim. Upon the hearing of the order to show cause the Paper Company appeared and consented that the property might be sold free from liens, upon the condition that the money derived from the sale should be impressed with a lien for the amount of the claims of the Paper Company pending a determination as to such claims. The property was so sold, and the money paid into court. Thereafter, and on the 18th day of January, 1913, the Paper Company presented a petition in which it stated that it had filed its proof of a secured claim, in the shape of certain notes and mortgages, and asked that the secured claim as filed be allowed, and the money due the Paper Company in the hands of the trustee be turned over to it. In answer to the order to show cause made upon this petition the trustee appeared and filed the answer to which reference has been made. In addition to what has already been stated as appearing in this answer, he alleged that within four months of the adjudication the Paper Company had received a preference amounting to upwards of $400, and asked that the amount of the preference be determined by the referee and set off against any amount found due the Paper Company on account of its secured claims. The Paper Company objected to the hearing of any evidence upon the answer, on the ground that the court had no jurisdiction to determine the question of preference. This objection was sustained by the referee, and from the order sustaining it the trustee has presented this petition for review.

[3] As has been said before, if the Paper Company seeks to prove as an unsecured claim any excess of its claim over the amount that is secured, then it must surrender any preference which it received, and the referee has jurisdiction to determine whether a preference has been received or not, and the objection was improperly sustained. The evidence is in such a condition that it is not possible to say whether or not the Paper Company intends to prove for any unsecured portion of its claim. The objection therefore should have been overruled.

In view, however, of the fact that upon further hearing it may appear that the Paper Company makes no such claim, it is proper to decide the question whether, admitting that its only purpose is to secure the money realized from the sale of the property on which it has a lien, the trustee is entitled to have in this proceeding the referee determine whether the Paper Company has or has not received a preference, and if it has, if the trustee has a right to have the amount thereof set off against the sum due the Paper Company by virtue of its lien.

[4] It is undisputed that the trustee cannot require a creditor who has received a preference, and who has not in any way become a party to the bankruptcy proceedings, to appear before the referee and litigate the question of the preference. It is necessary that the trustee institute a plenary suit against him in the proper court to recover the preference.

[5] It is said, however, by the trustee that this particular creditor has appeared voluntarily and submitted itself to the jurisdiction of the court for all matters, and that therefore the question of preference can be determined in this proceeding. The appearance by the Paper Company in answer to the first order to show cause was a submission by itself to the jurisdiction of the referee for the sole purpose of having its right to the property involved or its liens thereon determined. That submission gave the referee full power to determine all questions with regard to the title to the said property or the validity of any lien thereon. It did not, however, I think, go any further. The Paper Company did not thereby submit itself to the jurisdiction of the referee for all other purposes. It did not thereby agree to litigate before him questions relating to any preferences which it might have received growing out of other transactions. A person, such as a bailor, for example, who owns property in the possession of the bankrupt, has a right to appear in a bankruptcy court for the purpose of securing his property in the possession of the bankrupt as bailee, without subjecting himself to the jurisdiction of the bankrupt court for the purpose of having determined in a summary manner the question as to whether in other transactions he had received a preference from the bankrupt. In re Franklin (D. C.) 151 Fed. 642.

The second appearance by the Paper Company when it asked to have its secured claim allowed was somewhat broader. But if it turns out that its petition was only for the purpose of securing the money to which it was entitled by reason of its chattel mortgages, then I do not think that it can be said to have appeared generally, for the purpose of litigating other questions.

It is suggested by the trustee that not to allow a set-off in such a

case as this might result in loss to the estate, in a case where the creditor against whom a preference was alleged was insolvent. It is possible that in such a case the bankrupt court could stay proceedings on the application of the creditor, to have the money upon which he has a lien paid to him, until the trustee could commence and have determined in the proper court a suit against the creditor to recover the preference, and when it was recovered offset it against the amount due the creditor by reason of his lien. It is not necessary, however, to decide anything of this kind now, for there is no allegation nor claim that the John Leslie Paper Company is insolvent.

The order of the referee is reversed, and the case remanded, with directions to hear such competent evidence as the parties may present relating to the amount due upon the mortgages set up by the Paper Company, and, if the Paper Company claims the right to prove any part of the mortgage debt as an unsecured claim, to hear any evidence which the parties may present relating to any preference which the Paper Company may have received growing out of other transactions. If, however, the Paper Company does not seek to prove any part of such mortgage debt as an unsecured claim, then the referee should reject all evidence tending to prove a preference.